UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| YOLANDA, ANDRE AND ANDREA WHITE on behalf of deceased ANDRE WHITE SR., | * CIVIL ACTION NO. 05-0191 |
| VERSUS | * JUDGE JAMES |
| LOVE'S TRAVEL STOP AND COUNTRY STORES, d/b/a ARBY'S, | * MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendant Love's Travel Stops and Country Stores, Inc., (hereinafter "Defendant" or "Love's"). (Document No.12) For reasons stated below, it is recommended that the motion be GRANTED in PART and DENIED in PART, and that plaintiff Yolanda White be given a reasonable period of time to amend her complaint to properly allege that she is filing both individually and as the tutrix of her minor children.

### Facts

Andre White, Sr., ("White, Sr.") was employed by Love's until he was terminated on or about June 11, 2003. White, Sr., filed a charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that he was terminated because of a disability. White, Sr., committed suicide on February 11, 2004, before he instituted any lawsuit. The EEOC did not issue a "Right to Sue" letter until October 29, 2004.

On January 31, 2005, Plaintiffs Yolanda White, Andrea White, and Andre White, Jr., filed this complaint against Love's, alleging: (1) that White, Sr.'s, employment with Love's was terminated because of a disability in violation of the Americans with Disabilities Act, 29 U.S.C.

1

§ 12101, *et. seq*. ("ADA"); (2) retaliation under the ADA; (3) violations of the Fourteenth Amendment to the United States Constitution; (4) violations of the Louisiana Employment Discrimination Laws, La. R.S. § 23:301 *et. seq*. ("LEDL"); (5) intentional infliction of emotional distress ("IIED"); (6) a survival action; and (7) a wrongful death action.

Plaintiff Yolanda White is the surviving spouse of the late Andre White, Sr. [Complaint at p. 2, ¶1]. Plaintiff Andre White, Jr., is the surviving minor son of the decedent and was ten years old at the time the Complaint was filed. [Complaint at p. 2, ¶ 2]. Andrea White is the surviving minor daughter of the decedent and was four years old at the time the Complaint was filed. [Complaint at p. 2, ¶ 3]. This Complaint was filed on January 31, 2005, well over a year after White, Sr., was terminated.

## Law and Argument

### A. Legal Standard

When considering a motion to dismiss, the Court must accept as true the well-pleaded factual allegations in the complaint, and thus construe them in the light most favorable to the plaintiff. *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3 198, 205 (5th Cir. 1994), *cert. denied,* 514 U.S. 1017 (1995). Under Fed. R. Civ. P. 12(b)(6), a claim should be dismissed only when the facts as alleged by the plaintiff fail support any claim that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Taylor v. Books-A-Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1287 (2003). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Campbell v. City of San Antonio*, 43 F. 3d 973, 975 (5th Cir. 1995); *Blackburn v. City of Marshall*, 42 F. 3d 925, 931 (5th Cir. 1995); *Tuchman v. DSC Communications Corp.*, 14 F. 3d 1061 (5th Cir. 1994). The plaintiff's complaint must contain direct allegations on every material point necessary to sustain recovery or contain allegations from which an inference can be fairly drawn that evidence on these material points

will be introduced at trial. *Campbell*, 43 F.3d at 975.

Dismissal is also proper when a successful affirmative defense, such as the statute of limitations, appears on the face of the pleadings. *Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F. 3d 1362, 1366 (5th Cir. 1994); *La Porte Constr. Co. v. Bayshore National Bank*, 805 F. 2d 1254, 1255 (5th Cir. 1986) ("a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action"). Applying these standards to the present case, Defendant argues that Plaintiffs' Complaint fails to state certain viable claims against Defendant, and those claims should be dismissed with prejudice.

### B. Lack of Procedural Capacity

Parties must have legal capacity, which is determined under the law of the state of the person's domicile, to prosecute a case. F.R.C.P. Rule 17(b). It is undisputed that the plaintiffs are all Louisiana domiciliaries, and thus Louisiana law applies to the legal capacity issue. (Complaint at p. 2, ¶¶ 1-3).

Under Louisiana law, an unemancipated minor lacks procedural capacity to sue. La. C.C.P. art. 683A. The decedent's two minor children, who were ten and four years of age at the time the Complaint was filed, clearly lack the procedural capacity to sue. While Mrs. White argues that she intended to sue in a representative capacity on behalf of the minor children, it appears from the complaint that the minor children are also attempting to sue in their own right. Because the defect of lack of procedural capacity is subject to cure through amendment, dismissal of the minor's claims should be made without prejudice, rather than with prejudice as is prayed for by the defendant. It is therefore recommended that the motion to dismiss the minors claims be **GRANTED and any claims filed by the minor children in their own right be dismissed WITHOUT prejudice for lack of procedural capacity. It is further**

3

**recommended that the plaintiff be given 30 days from the date of judgment to amend her complaint to assert claims on behalf of the minor children in a representative capacity.**

C.     **Fourteenth Amendment Claims**

Plaintiffs seek relief under the Equal Protection Clause of the 14th Amendment of the United States Constitution; however, defendant Love's is undeniably a private actor, and therefore, there is no state action alleged in the complaint. Rights under the Equal Protection Clause of the 14th Amendment arise only where there has been involvement of the state or of one acting under the color of its authority. *U. S. v. Guest*, 383 U.S. 745, 755, 86 S. Ct. 1170 (1966).

Plaintiffs do not allege State involvement of any sort. Defendant is a private corporation, unaffiliated with the State, and cannot be liable to Plaintiff under the 14th Amendment to the United States Constitution. Therefore, **it is recommended that defendant's motion to dismiss the plaintiff's 14th Amendment claims should be GRANTED, and Plaintiffs' claims under the 14th Amendment to the United States Constitution should be dismissed with prejudice.**

D.     **Prescription**

The applicable prescriptive period for tortious conduct under Louisiana law is governed by Article 3492 of the Louisiana Civil Code, which provides that delictual actions are subject to a liberative prescription of one year from the date of injury or date damage is sustained. *See* La. C.C. art. 3492. Specifically, claims for intentional infliction of emotional distress are governed by the one-year prescriptive period for delictual actions. La. C.C. art. 3492; *Alcorn v. City of Baton Rouge*, 898 So. 2d 385 (La. App. 1st Cir. 2004).

Plaintiffs' Complaint asserts the decedent's cause of action for IIED. Plaintiffs' Complaint states:

4

> As a result of Mr. White's death, Mrs. White and her two minor children Andre White, Jr. and Andrea are continuing to pursue this action of disability discrimination on behalf of the late Mr. White. The Whites are pursuing claims for intentional infliction of emotional distress, …

[Complaint at p. 5, ¶ 18].

In the subsequent paragraphs, Plaintiffs identify their "own wrongful death claims," which further illustrates their intent to bring the decedent White Sr.'s claim for IIED on his behalf. [Complaint at p. 5, ¶¶ 19-20]. The decedent White Sr.'s IIED claim, however, had to be brought by June 12, 2004, one year after White Sr. was terminated, to be timely. The Complaint was not filed until January 31, 2005, several months after the claim for IIED had prescribed.

Ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So. 2d 624, 628 (La. 1992). Under Louisiana law, however, a plaintiff has the burden of proof in establishing facts which would have the effect of interrupting or avoiding prescription when it appears that the claims have prescribed on the face of the complaint. *Martens v. North*, 1998 WL 378137 (E.D. La. 1998); *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994).

In response to this portion of the defendant's motion, the plaintiff claims that prescription should be interrupted because she was unaware of the decedent's claims arising from his termination until she received a letter from the EEOC after the decedent's death. Plaintiffs cite *Ducote v. Touro Infirmary* for the proposition that where the cause of action is neither known or reasonably knowable by the plaintiff, even though the plaintiff's ignorance is not induced by the defendant, liberative prescription does not run. 2003-0755 (La. App. 4th Cir. 10/22/03), 860 So. 2d 125, 129.

However, the Louisiana Supreme Court has stated that "[t]he doctrine [of *contra non*

*valentem*] itself is based on the theory that when the claimant is not aware of the facts giving rise to his or her cause of action against the particular defendant, the running of prescription is for that reason suspended until the *tort victim* discovers or should have discovered the facts upon which his or her cause of action is based." *In re Medical Review Panel of Howard*, 573 So. 2d 472, 474 (La. 1991) (emphasis added).

Plaintiff does not claim that the decedent was unaware that he had been terminated, or that he was unaware that he suffered from depression and made several suicide attempts before succeeding in taking his own life in January of 2004. Indeed, although the test is whether the tort victim had knowledge of the facts giving rise to the claim, not the victim's family, the plaintiff has not even alleged that **she** was unaware of the decedent's termination and resulting depression and suicide attempts. Thus, both the tort victim and the plaintiffs were aware of the facts giving rise to the claim at the time of the termination, and prescription may not be interrupted on a *contra non valentem* basis.

The undersigned finds that the plaintiffs have presented no set of facts which meet their burden of proving that prescription on their intentional infliction of emotional distress claim was interrupted in this case. Therefore, **it is recommended that the defendant's motion on this issue be GRANTED and the plaintiffs' claims for Intentional Infliction of Emotional Distress be dismissed with prejudice as prescribed**.

### E. Survival Action

Defendants also claim that the plaintiffs fail to state a cause of action in their survival claim. A survival action provides for the recovery of damages for injuries sustained by the decedent prior to death. *Mistich v. Volkswagen of Germany, Inc.*, 1994-0226 (La. App. 4th Cir. 6/25/97), 698 So.2d 47. Survival actions exist for a period of one year from the date of death of

6

the deceased in favor of his or her surviving spouse and children, if any. La. C.C. Art. 2315.1. This action was filed within a year of plaintiffs' decedent's death, and is therefore timely. The survival action is linked to the inception of the tortious act, and is dependant upon the victim having a viable action on the date of his death. *See Taylor v. Giddens*, 618 So. 2d 834, 840 (La. 1993). Accepting the factual allegations of the complaint as true, and reading them in the light most favorable to the plaintiffs, the complaint does state a claim for survival. Therefore, **it is recommended that the defendant's motion to dismiss the survival claims be DENIED.**

## Conclusion

For the foregoing reasons, it is recommended that Defendant Love's Travel Stops and Country Stores, Inc.'s, Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6) be GRANTED in PART and DENIED in Part as follows: (1) Any claims brought by Andre White, Jr. and Andrea White in their own right be dismissed without prejudice for lack of legal capacity to sue, and the plaintiff be given 30 days from date of judgment to amend to allege claims on behalf of the minors in a representative capacity; (2) Plaintiffs' claims under the Fourteenth Amendment of the United States Constitution be dismissed with prejudice for failure to state a claim on the grounds that the complaint fails to allege state action and there is no basis to make such an allegation; (3) Plaintiffs' claim for intentional infliction of emotional distress be dismissed with prejudice as untimely; and (4) Defendant's motion be DENIED as to Plaintiffs' survival actions.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have five (5) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within five (5) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing. Timely objections will be considered by the District Judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Monroe, Louisiana, on this the 26th day of July, 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE